IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PETER J. ABRUZZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:08cv646 |
| ) | |
| S&K FAMOUS BRANDS, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND COUNTERCLAIM

Defendant, S&K Famous Brands, Inc. ("S&K"), by counsel, answers Plaintiff's Complaint as follows:

1. S&K is without sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint are admitted.

3. The allegations in paragraph 3 of the Complaint are legal conclusions that S&K is not required to admit or deny.

4. The allegations in paragraph 4 of the Complaint are legal conclusions that S&K is not required to admit or deny.

5. S&K is without sufficient knowledge or information to admit or deny the allegations in paragraph 5 of the Complaint.

6. In response to the allegations in paragraph 6 of the Complaint, S&K admits that S&K and Plaintiff had discussions in 2006 about Plaintiff working as a consultant to S&K's men's formal wear division.

7. In response to the allegations in paragraph 7 of the Complaint, S&K admits that it entered into a Consulting Agreement with Plaintiff on or about January 15, 2007, the terms of which speak for themselves.

8. The allegations in paragraph 8 of the Complaint are admitted.

9. In response to the allegations in paragraph 9 of the Complaint, S&K states that the terms of the Consulting Agreement speak for themselves.

10. In response to the allegations in paragraph 10 of the Complaint, S&K admits that Plaintiff helped develop a business strategy for S&K's formal wear division.

11. In response to the allegations in paragraph 11 of the Complaint, S&K admits that Plaintiff assisted in the negotiation of agreements with companies to act as wholesalers for S&K. The remaining allegations in paragraph 11 are denied.

12. In response to the allegations in paragraph 12 of the Complaint, S&K admits that Plaintiff traveled to several of S&K's stores in various states. The remaining allegations in paragraph 12 are denied.

13. The allegations in paragraph 13 of the Complaint are denied.

14. The allegations in paragraph 14 of the Complaint are denied.

15. The allegations in paragraph 15 of the Complaint are denied.

16. S&K is without sufficient knowledge or information to admit or deny the allegations in paragraph 16 of the Complaint.

17. In response to the allegations in paragraph 17 of the Complaint, S&K admits that a letter dated July 30, 2008 was sent to Plaintiff and that the letter advised Plaintiff that S&K had terminated the Consulting Agreement. S&K is without sufficient

knowledge or information to admit or deny the remaining allegations in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 of the Complaint are admitted.

19. In response to the allegations in paragraph 19 of the Complaint, S&K states that the letter speaks for itself.

20. In response to the allegations in paragraph 20 of the Complaint, S&K states that the letter speaks for itself.

21. The allegations in paragraph 21 of the Complaint are denied.

22. In response to the allegation in paragraph 22 of the Complaint, S&K states that the terms of the Consulting Agreement speak for themselves. The remaining allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 of the Complaint are denied.

24. In response to the allegations in paragraph 24 of the Complaint, S&K admits that Plaintiff was paid $30,000 under the Consulting Agreement on or about July 1, 2008. The remaining allegations in paragraph 24 are denied.

25. In response to the allegations in paragraph 25 of the Complaint, S&K references and incorporates its responses to paragraphs 1 through 24 of the Complaint as if set forth fully herein.

26. The allegations in paragraph 26 of the Complaint are denied.

27. The allegations in paragraph 27 of the Complaint are denied.

28. The allegations in paragraph 28 of the Complaint are denied.

29. S&K denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

30. Every allegation not specifically admitted herein, including those allegations for which S&K lacks sufficient knowledge or information to admit or deny, is denied.

## FIRST DEFENSE

31. Defendant treated Plaintiff at all times in a fair way and did not breach the terms of the parties' January 15, 2007 Consulting Agreement. Among other reasons, Defendant terminated the Consulting Agreement with Plaintiff because of Plaintiff's continuing noncompliance with his obligations under the Agreement, his failure to perform his required duties of growing and expanding Defendant's tuxedo business, and his work for at least one direct competitor of Defendant.

## SECOND DEFENSE

32. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## THIRD DEFENSE

33. Plaintiff cannot enforce the Consulting Agreement because he was the first to breach the Consulting Agreement.

## FOURTH DEFENSE

34. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FIFTH DEFENSE

35. Plaintiff's Complaint is barred, in whole or in part, by a failure of consideration.

## SIXTH DEFENSE

36. Plaintiff's Complaint is barred, in whole or in part, because he failed to mitigate his alleged damages.

## SEVENTH DEFENSE

37. Defendant reserves the right to assert any and all additional defenses as may be determined during the course of discovery.

## COUNTERCLAIM

Defendant asserts the following counterclaims against Plaintiff, alleging as follows:

1. The allegations admitted above are hereby incorporated by reference.

2. Defendant and Plaintiff entered into a Consulting Agreement on or about January 15, 2007, a copy of which is attached as Exhibit A to Plaintiff's Complaint and which is incorporated herein by reference.

3. Pursuant to the Consulting Agreement, Plaintiff was required to provide certain consulting services to Defendant related to its men's formal wear business.

4. During the course of Plaintiff's contractual relationship with Defendant, Defendant received information regarding Plaintiff's performance under the Consulting Agreement indicating that Plaintiff was not performing his duties under that agreement. This information included, but was not limited to, reports that Plaintiff was difficult to work with, did not get along well with S&K employees and/or vendors, and exhibited poor work quality.

5. Defendant also received a complaint regarding Plaintiff from at least one of its wholesalers, who considered terminating its contractual relationship with S&K based on Plaintiff's actions.

6. During the course of Plaintiff's contractual relationship with Defendant, profits from Defendant's men's formal wear business decreased.

7. In April of 2008, Defendant met with Plaintiff to review business results and trends. During this meeting, Defendant requested and Plaintiff agreed to take certain actions in furtherance of Defendant's men's formal wear business including, but not limited to, visiting a Florida call center to maximize Defendant's business opportunities, referring Defendant to the best bridal shows in which to participate in the fall and winter, and creating and producing a Fraternity/Sorority program for roll-out.

8. Plaintiff failed to complete the actions he was requested and agreed to complete in April 2008.

9. Bella Rosa is a bridal store located next door to Defendant's store on West Broad Street in the County of Henrico, Virginia.

10. Up until about July 2008, Defendant received referrals from Bella Rosa for tuxedo rentals pursuant to an agreement between Bella Rosa and Defendant.

11. In or about July 2008, Defendant learned that Bella Rosa was terminating the referral agreement referenced in paragraph 10 above and that Bella Rosa intended to enter the tuxedo business.

12. On information and belief, Plaintiff consulted with Bella Rosa regarding its decision to enter the tuxedo business and assisted Bella Rosa in this process by introducing Bella Rosa to the same wholesaler that was supplying tuxedos to Defendant.

13. Defendant terminated the Consulting Agreement with Plaintiff by letter dated July 30, 2008, a copy of which is attached as Exhibit B to the Complaint and which is incorporated by reference herein.

14. Among other reasons, Defendant terminated the January 15, 2007 Consulting Agreement with Plaintiff because of Plaintiff's continuing noncompliance with his obligations under the Agreement, his failure to perform his required duties of growing and expanding Defendant's tuxedo business, his poor work quality and performance, and his work for at least one direct competitor of Defendant.

## COUNT I – BREACH OF CONTRACT

15. Defendant incorporates by reference Paragraphs 1 through 14 of the Counterclaim as though set forth herein in their entirety.

16. Plaintiff failed to perform his obligations under the Consulting Agreement.

17. Plaintiff breached the Consulting Agreement by, among other reasons, failing to perform his required duties to grow and expand Defendant's men's formal wear business, exhibiting poor work quality and performance, providing advice and counsel to Bella Rosa, a direct competitor of Defendant, and diverting existing and potential business away from Defendant.

18. As a direct and proximate result of Plaintiff's breach, Defendant suffered substantial injury and damages.

19. As a result of Plaintiff's breach, Defendant is entitled to recover all of its legal and equitable damages and remedies allowed by law.

## COUNT II – BREACH OF THE DUTY OF LOYALTY

20. Defendant incorporates by reference Paragraphs 1 through 19 of the Counterclaim as though set forth herein in their entirety.

21. Plaintiff owed Defendant a duty of loyalty, and Plaintiff was required to serve Defendant in good faith during their relationship.

22. Plaintiff breached his duty of loyalty to Defendant by engaging in acts that were in direct competition with the best interests of Defendant, including but not limited to providing advice and/or consultation to Bella Rosa and diverting existing and potential business away from Defendant.

23. As a direct and proximate result of Plaintiff's breach, Defendant suffered substantial injury and damages.

24. Plaintiff's breach of the duty of loyalty owed to Defendant was willful, wanton, malicious, and in reckless disregard of his paramount loyalty owed to Defendant. Accordingly, punitive damages should be imposed on Plaintiff, in addition to all other legal and equitable damages allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that the Court enter an award in its favor and against Defendant for all damages allowed by law, including attorneys' fees and costs incurred and all other remedies allowed by law or deemed appropriate by this Court.

Respectfully submitted,

S&K FAMOUS BRANDS, INC.


By:     */s/ Jeffrey S. Shapiro*
Jeffrey S. Shapiro, Esq. (Va. Bar No. 38344)
jshapiro@mcguirewoods.com
Jennifer M. Campbell, Esq. (Va. Bar No. 45600)
jmcampbell@mcguirewoods.com
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
804.775.1000 (Telephone Number)
804.698.4670 (Facsimile)

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November, 2008, I electronically filed the foregoing Answer and Counterclaim on behalf of defendant with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

>Michael E. Lacy, Esq. (VSB No. 48477)
>Michael.lacy@troutmansanders.com
>Troutman Sanders LLP
>1001 Haxall Point
>Richmond, VA 23219
>804.697-1200 (Telephone Number)
>804.697-1339 (Facsimile)
>*Counsel for Plaintiff*

>           /s/ *Jeffrey S. Shapiro*
>Jeffrey S. Shapiro, Esq. (Va. Bar No. 38344)
>jshapiro@mcguirewoods.com
>Jennifer M. Campbell, Esq. (Va. Bar No. 45600)
>jmcampbell@mcguirewoods.com
>McGuireWoods LLP
>One James Center
>901 East Cary Street
>Richmond, VA 23219-4030
>804.775.1000 (Telephone Number)
>804.698.4670 (Facsimile)
>
>*Counsel for Defendant*